GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: ZACHARY BANNON
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel:     (212) 637-2728
Fax:    (212) 637-2717
E-mail: Zachary.Bannon@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS AMADOR,<br><br>    Plaintiff,<br><br>    - versus -<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT, and JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARMENT,<br><br>    Defendants. | **NOTICE OF REMOVAL**<br><br>20 Civ. 956 (___)<br><br>Index No. 29567/2019E<br><br>Supreme Court of the State of New York, County of Bronx |

Defendant Detective Cruz M. Ramos, by and through her attorney, Geoffrey S. Berman, United Stated Attorney for the Southern District of New York, hereby removes the above-captioned action to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. On or about August 13, 2019, Plaintiff Luis Amador filed a Summons and Verified Complaint against, *inter alia*, Detective Ramos in the Supreme Court of the State of New York, County of Bronx, Index No. 29567/2019E. A true and correct copy of the Summons and Verified Complaint is attached hereto as Exhibit A.

2. The Verified Complaint raises constitutional tort claims against Detective Ramos pursuant to 42 U.S.C. § 1983 and a malicious prosecution claim against Detective Ramos pursuant to New York state law.

3. Under information and belief, Plaintiff's claims against Detective Ramos arose during the course of a narcotics operation Detective Ramos undertook in her capacity as a deputized Task Force Officer with the Drug Enforcement Administration ("DEA").

4. The Controlled Substances Act, *as amended*, 21 U.S.C. §§ 801, 878(a), authorizes the DEA to deputize state and local law enforcement officers, such as Detective Ramos. Pursuant to 5 U.S.C. § 3374, "[a]n employee of a state or local government who is assigned to a Federal agency . . . is deemed an employee of the agency for the purposes of . . . the Federal Tort Claims Act."

5. Pursuant to 28 U.S.C. § 2679(d)(2), this action may be removed to this Court because: (i) trial has not yet been had of this action; and (ii) this is a civil action brought against a party deemed to be an employee of the United States Government for purposes of the Federal Tort Claims Act.  A true and correct copy of the Certification of Geoffrey S. Berman, United States Attorney for the Southern District of New York, dated February 4, 2020, certifying that Detective Ramos was an employee of the United States for purposes of Plaintiff's claim against him, is attached hereto as Exhibit B.

6. Further, this action may be removed to this Court pursuant to 28 U.S.C. §1442(a)(1) because Detective Ramos is an officer of the DEA.

7. Removal pursuant to § 1442(a)(1) is timely under 28 U.S.C. § 1446(b).  Section 1446(b)(1) authorizes removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Proper service of process is required. *See Whitaker v. American Telecarting, Inc.*, 261 F.3d 196, 202 (2d Cir. 2001) (holding that "the commencement of the removal period [can] only be triggered by formal service of process"). Proper service of process on an officer of the United States requires service upon both the individual defendant and, *inter alia*, the United States Attorney's Office. *See* Fed. R. Civ. P. 4(i).

8. In this case, on information and belief, Detective Ramos was served on or about August 26, 2019, but Plaintiff has not yet delivered a copy of the Summons and the Verified Complaint to the United States Attorney's Office for the Southern District of New York. Accordingly, service has not yet been perfected, and the time limit imposed by Section 1446(b) has not yet begun to run. *See* Fed. R. Civ. P. 4(i).

9. Venue is proper in this district under 28 U.S.C. §§ 1441(a), 1442(a), and 2679(d)(2) because the civil court where the action has been pending is located in this district.

10. The submission of this notice of removal is solely for the general purpose of removing this action to the appropriate federal court and is not a general appearance by Detective Ramos. This Office makes a limited appearance on behalf of Detective Ramos solely for the purpose of removal of this action. This submission does not constitute a waiver of any defense available to Detective Ramos, or the United States, including any defense under Rule 12 of the Federal Rules of Civil Procedure.

Dated: New York, New York
       February 4, 2020

                        GEOFFREY S. BERMAN
                        United States Attorney for the
                        Southern District of New York

By:     /s/ Zachary Bannon
        ZACHARY BANNON
        Assistant United States Attorney
        86 Chambers St., 3rd Floor
        New York, New York 10007
        Tel: (212) 637-2728
        Fax: (212) 637-2717
        Zachary.Bannon@usdoj.gov