SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
LUIS AMADOR

                                            Plaintiff,

    -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE CRUZ M.
RAMOS, BADGE # 5506 OF THE NEW YORK CITY
POLICE DEPARTMENT DRUG ENFORCEMENT TASK
FORCE OF THE 46TH PRECINCT AND JOHN AND
JANE DOE POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT,

                                             Defendants,
-----------------------------------------------------------------X

Index No.: 29567/19

**SUMMONS**

Plaintiff resides at:
2444 Beaumont Ave, Apt 2
Bronx, New York 10458

Purchase date
8/15/19

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorney within 20 days after service of this Summons or within 30 days after the service is complete if this Summons is not personally delivered to you within the state of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of the venue designated is the place of incident.

Dated: New York, New York
          August 13, 2019

                                                          **LAW OFFICE OF**
                                                          **ANDREW C. LAUFER, PLLC**

                                                          By: Andrew C. Laufer, Esq.,
                                                          Attorney for Plaintiff
                                                          255 W 36th Street, Suite 1104
                                                          New York, New York 10018
                                                          (212)422-1020

**DEFENDANT'S ADDRESS**

THE CITY OF NEW YORK
100 Church Street, 4th Floor
New York, New York 10007

NEW YORK CITY POLICE DEPARTMENT
c/o CITY OF NEW YORK
100 Church Street, 4th Floor
New York, New York 10007

DETECTIVE CRUZ M. RAMOS, BADGE # 5506
OF THE NEW YORK CITY POLICE DEPARTMENT
DRUG ENFORCEMENT TASK FORCE
OF THE 46TH PRECINCT
AND JOHN AND
JANE DOE POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT
2120 Ryer Avenue
Bronx, New York 10457

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
LUIS AMADOR,

                                  Plaintiffs,

      -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE CRUZ M.
RAMOS, BADGE # 5506 OF THE NEW YORK CITY
POLICE DEPARTMENT DRUG ENFORCEMENT TASK
FORCE OF THE 46TH PRECINCT AND JOHN AND
JANE DOE POLICE OFFICERS OF THE NEW YORK
CITY POLICE DEPARTMENT,

                                           Defendants,
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

      Plaintiff, by and through his attorney, Law Office of Andrew C. Laufer, PLLC complaining of the Defendants herein, upon information and belief, respectfully show to this Court, and allege as follows:

## PRELIMINARY STATEMENT

1.    That at all times hereinafter mentioned, the Plaintiff was a resident of the County of Bronx, City and State of New York.

2.    That at all times hereinafter mentioned Defendant, THE CITY OF NEW YORK was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

3.    That at all times hereinafter mentioned, NEW YORK CITY POLICE DEPARTMENT was and is a municipal corporation, duly organized and existing under by virtue of the laws of the State of New York.

4.    That at all times hereinafter mentioned Defendants, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE

POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were and still are employed with the New York City POLICE DEPARTMENT.

5. That prior to the institution of this action, a Notice of Claim was duly served upon and filed with the CITY OF NEW YORK on behalf of Plaintiff.

6. That the CITY OF NEW YORK held a 50H examination of the plaintiff on March 8, 2019.

7. That at all time herein mentioned, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, were acting within the scope and course of their employment with the New York Police Department, and under color of State Law.

8. That at all times herein mentioned, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT were acting in their individual and official capacity as an employees of Defendants THE CITY OF NEW YORK (CITY) and NEW YORK CITY POLICE DEPARTMENT (NYPD).

9. That all the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## STATEMENT OF FACTS AS TO ALL CAUSES OF ACTION

10. From approximately the 2nd day of August, 2017 through the 5th day of December 2018, the plaintiff, LUIS AMADOR, was a pretrial detainee in the care, custody, and control of the defendants for a crime he didn't commit.

11. Plaintiff's detention initially began at the corner of 174th Street and Nelson Avenue in the County of Bronx, City and State of New York. At the aforesaid place, the claimant was deprived of his state and federal civil rights under color of state law, all by agents, servant and/or employees of The City of New York, including, but not limited to, upon information and belief, by the City of New York, New York City Police Department, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, when he was imprisoned at various locations, were maliciously charged and prosecuted for crimes of which he was innocent. All charges were dismissed on or about December 5, 2018.

12. The individual Defendants, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of the law, thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth and Fourteenth Amendments to the United States Constitution, including without limitation, deprivation of the following constitutional rights: (a) freedom from unreasonable searches and seizure of his person, including the excessive use of force; (b) freedom from arrest without probable cause; (c) freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification of which Plaintiff was aware and did not consent; (d) freedom from the lodging of false charges against them by police; (e) freedom from abuse of process and malicious prosecution; and (f) the enjoyment of equal protection, privileges and immunities under the laws.

## FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHT UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PREDICATED UPON FALSE ARREST AND IMPRISONMENT

13. Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

14. That on or about the 2nd of August, 2017, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, its agents, servants and employees, including but not limited to DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or justifiable grounds therefore.

15. That on or about August 2, 2017, Defendants DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, jointly and severally in their capacity as a police officers, wrongfully stopped, handcuffed, and seized the Plaintiff about his person, causing him physical pain and mental suffering. At no time did Defendants have legal cause to stop, handcuff, seize or touch Plaintiff, nor did Plaintiff consent to this illegal touching nor was or privileged by law.

16. That on or about August 2, 2017, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT, jointly and severally without any warrant, order or

other legal process and without legal right, wrongfully and unlawfully arrested Plaintiff, restrained him and his liberty and then took him into custody to the 46th Precinct.

17. That the aforesaid arrest, detention and imprisonment continued at the 46th Precinct in Bronx, New York, Bronx County Central Booking, Rikers Island, Manhattan Detention Center, and elsewhere.

18. That the said arrest, detention and imprisonment was caused by the CITY, its agents, servants and employees, including but not limited to the Defendant police officers, without a warrant and without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

19. That the CITY, its agents, servants and employees, as set forth above, intended to confine Plaintiff; that Plaintiff was conscious of the confinement; that Plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

20. As a result of the aforesaid actions, including the arrest and imprisonment of Plaintiff without probable cause, Defendants deprived Plaintiff of the rights, privileges and immunities secured by the Constitution and Laws of the United States of America and the Fourteenth Amendment.

21. As a result of the aforementioned actions, Defendants deprived Plaintiff of the right to be free from unreasonable search and seizures secured by the Constitution and Laws of the United States of America and the Fourth and Fourteenth Amendments.

22. As a result of the aforementioned actions, Defendants deprived Plaintiff of his right to liberty without due process of law secured by the Constitution and Laws of the United States of America and the Fifth and Fourteenth Amendments.

23. The aforementioned acts of Defendants were intentional, willful and malicious and performed with a reckless disregard for and deliberate indifference to Plaintiff's rights.

24. That by reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was greatly injured in his credit and circumstances and was prevented and hindered from performing and transacting his necessary affairs and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

25. The aforedescribed constitutional violations are all actionable under and pursuant to 42 U.S.C. §§ 1983 and 1988.

### SECOND CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND NEW YORK STATE LAW PREDICATED UPON THE MALICIOUS PROSECUTION OF PLAINTIFF

26. Plaintiff repeats and realleges each and every allegation contained herein as if fully set forth at length herein.

27. Upon information and belief, on or about August 2, 2017 and from that time until the dismissal of charges, which was favorable termination for the accused, Defendants deliberately and maliciously prosecuted Plaintiff, an innocent man without any probable cause whatsoever, by filing or causing a criminal complaint to be filed in the Criminal Court of the City of New York, Bronx County, for the purpose of falsely accusing the Plaintiff of violations of the criminal laws of the State of New York.

28. The commencement of these criminal proceedings was malicious and began with malice and without probable cause, so that the proceedings could succeed by the Defendants.

29. As a result of the aforementioned actions, including the initiation of the criminal prosecution of Plaintiff without probable cause, Defendants deprived Plaintiff of the rights, privileges and immunities secured by the Constitution and Laws of the United States of America and the Fourteenth Amendment and under the laws of New York State.

30. As a result of the aforementioned actions, Defendants deprived Plaintiff of the right to be free from unreasonable search and seizures secured by the Constitution and laws of the United States and the Fourth and Fourteenth Amendments and under the laws of New York State.

31. As a result of the aforementioned actions, Defendants deprived Plaintiff of the right to liberty without due process of law secured by the Constitution and Laws of the United States of America and the Fifth and Fourteenth Amendments and under the laws of New York State.

32. The aforementioned conduct by Defendants was motivated and instigated by other than lawful reasons and without probable cause.

33. The aforementioned acts of Defendants were intentional, willful and malicious and performed with reckless disregard for and deliberate indifference to Plaintiff's rights.

34. Plaintiff has suffered humiliation, mental anguish, indignity and frustration of an unjust criminal prosecution.

35. The aforementioned constitutional violations are all actionable under and pursuant to 42 U.S.C. § 1983, 1988, and under the laws of New York State.

### THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY
### MONELL CLAIM PURSUANT TO 42 U.S.C § 1983 AND RESPONDEAT SUPERIOR

36. Plaintiff repeats and realleges each and every allegation contained herein as if fully set forth at length herein.

37. All of the acts and omissions by the individual Defendants, described above were carried out pursuant to overlapping policies and practices of the CITY which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of Defendants CITY and the NEW YORK CITY POLICE DEPARTMENT (NYPD).

38. Defendants CITY and NYPD by their policy-making agents, servants and employees, authorized sanctioned and/or ratified the individual Defendants' wrongful acts and/or failed to prevent or stop those acts and/or allowed those acts to continue.

39. Defendants arrested, incarcerated, and prosecuted Plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest, prosecution, and incarceration would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

40. At all times mentioned herein, said police officers were acting under color of law, to wit: the statutes, ordinances, regulations, policies and customs and usage of the State of New York and/or City of New York.

41. On or about August 2, 2017, Defendants did stop, seize, search, arrest, and prosecute the Plaintiff without a court authorized arrest or search warrant. They did physically seize the person of the Plaintiff during the arrest process in an unlawful and excessive manner.

42. The Plaintiff was falsely arrested, unlawfully imprisoned and maliciously prosecuted without the Defendants' possessing probable cause to do so.

43 The above actions of Defendants resulted in the Plaintiff being deprived of the following rights under the United States Constitution.

    a. Freedom from illegal search and seizure.
    b. Freedom from false arrest.
    c. Freedom from malicious prosecution.
    d. Freedom from the use of excessive force during the arrest process.
    e. Freedom from unlawful imprisonment.

44. The Defendants subjected Plaintiff to such deprivations, either in a malicious or reckless disregard of the Plaintiff's rights.

45. Defendant CITY has grossly failed to train and adequately supervise it's police officers in the fundamental law of arrest, prosecution, leveling of charges, search and seizure especially

when it's police officers are not in possession of a court authorized arrest warrant and where an individual, especially as here, has not committed a crime and has not resisted arrest, that its police officers should only use reasonable force to effectuate an arrest and the arrest and prosecution should be based upon probable cause.

46. Defendant CITY has grossly failed to train and adequately supervise it's assistant district attorneys in the fundamental laws of criminal procedure, leveling of charges, and prosecution especially when it's assistant district attorneys do not have probable cause to prosecute or continue to prosecute where there is a diminution of probable cause and where an individual, especially as here, has not committed a crime and the prosecution should be based upon probable cause.

47. The direct and proximate results of the Defendants' acts are that Plaintiff suffered severe and permanent injuries of a psychological nature. He was forced to endure pain and suffering to his detriment.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, on all of the foregoing causes of action, in the form of compensatory damages for their pain and suffering, loss of enjoyment of life, and economic loss, in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction in the matter, and Plaintiff further demands punitive damages on all causes of action, in an amount to be determined by the trier of fact, together with attorney's fees, and together with costs and disbursements.

Dated: New York, New York
      August 13, 2019

LAW OFFICE OF
ANDREW C. LAUFER, PLLC

_____
By: Andrew C. Laufer, Esq.,
Attorney for Plaintiff
255 W 36th Street, Suite 1104
New York, New York 10018
(212)422-1020