UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUIS AMADOR,<br><br>      Plaintiff,<br><br>    v.<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE CRUZ M. RAMOS, BADGE # 5506 OF THE NEW YORK CITY POLICE DEPARTMENT DRUG ENFORCEMENT TASK FORCE OF THE 46TH PRECINCT AND JOHN AND JANE DOE POLICE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT,<br><br>      Defendants. | USDC-S.D.N.Y.<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 12/9/2020<br><br>20-CV-956 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

  Plaintiff Luis Amador filed this suit in Supreme Court, Bronx County against the City of New York, the New York City Police Department (NYPD), and several NYPD employees, alleging that the defendants violated federal and state civil rights laws when they arrested, imprisoned, and prosecuted him. Defendant Detective Cruz M. Ramos of the NYPD removed this action to federal court on the basis that, at the time of the incident giving rise to the lawsuit, she was acting in the scope of her employment as a deputized federal officer on a Drug Enforcement Administration (DEA) task force. Before the Court is Amador's motion to remand the action to state court. *See* Dkt. 15. Ramos, through the office of the United States Attorney for the Southern District of New York ("the Government"), opposes Amador's motion. For the reasons set forth below, the motion is denied.

**BACKGROUND**

Amador, a Bronx resident, filed this suit on August 13, 2019 in connection with his 2017 arrest and subsequent imprisonment and prosecution. Ramos, the official who arrested Amador, is a detective with the New York City Police Department's 46th Precinct. *See generally* Compl., Dkt. 1-1. In relevant part, the complaint asserts causes of action against Ramos for false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. §§ 1983 and 1988 and New York state law. Dkt. 1-1 ¶¶ 13–35.

On January 9, 2020, the Government requested an adjournment from the state court in order to investigate whether Ramos was acting in her capacity as a federal officer at the time of the incident with Amador, and if so, whether her status as a federal officer would warrant removal to federal court. *See* Defendant's Memorandum of Law in Opposition to Motion to Remand ("Def. Mem."), Dkt. 18, at 4. The Government subsequently determined that "Plaintiff's claims against Detective Ramos arose during the course of a narcotics operation Detective Ramos undertook in her capacity as a deputized Task Force Officer with the Drug Enforcement Administration ('DEA')." *See* Notice of Removal, Dkt. 1, at 2. Ramos removed the action to this Court on February 4, 2020, invoking the federal law known as the Westfall Act, 28 U.S.C. § 2679, which mandates that state court tort actions against federal officials be removed to federal court upon certification of the Attorney General ("AG") that the defendant was acting in the scope of federal employment at the time of the incident giving rise to the claim. *Id*. Along with the notice of removal, the United States Attorney filed such a certification, declaring, "by virtue of the authority vested in [him] by the Attorney General," that "Defendant Cruz Ramos was a deputized Drug Enforcement Administration Task Force Officer at the time of the alleged incident and was acting within the scope of her federal employment for purposes of the claims asserted against her in this action." Dkt. 1-2 at 1.

2

On March 15, 2020, Amador moved to remand the case to state court, arguing that (1) removal was inappropriate because Ramos is not a federal employee, as she worked on a joint NYPD/DEA drug enforcement task force "solely . . . as a New York City employee," and because the subsequent prosecution against Amador was pursuant to state law; (2) removal was untimely; (3) removal was inappropriate because Ramos failed to obtain the consent of all defendants; and (4) removal was an unfair attempt to "thwart[] the fair administration of justice." *See* Plaintiff's Memorandum of Law in Support of Motion to Remand ("Pl. Mem."), Dkt. 16. The Government, on behalf of Ramos, filed its brief in opposition on April 10, 2020. *See* Dkt. 18. The Government argues principally that the AG's certification that Ramos was acting as a federal employee during the incident giving rise to the claim is conclusive for purposes of removal and that the Court may not remand. The Court agrees.

## DISCUSSION

### I. Removal Was Proper Under the Westfall Act

The basis for removal in this case is 28 U.S.C. § 2679, commonly referred to as the Westfall Act. This statute makes federal employees immune from state law tort actions that arise out of their official acts, providing that

> The remedy against the United States [under the Federal Tort Claims Act] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1). The statute also authorizes the Attorney General to certify "that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose." 28 U.S.C. § 2679(d)(2). Upon such certification,

3

> any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. . . . This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

*Id*. "Section 2679(d)(2) is operative when the Attorney General certifies scope of employment, triggering removal of the case to a federal forum. At that point, § 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court." *Osborn v. Haley*, 549 U.S. 225, 243 (2007).

Here, exercising authority vested in him by the AG, the U.S. Attorney certified that Ramos "was acting within the scope of her federal employment for purposes of the claims asserted against her in this action." Dkt. 1-2 at 1. As a result, "Section 2679(d)(2) is operative," and "the district court [is] without authority to send [this] case back to the state court." *Osborn*, 549 U.S. at 243-44. Amador argues that the AG's "issuance of its certification on behalf of [Ramos] is not an unassailable barrier . . . for a party seeking remand." *See* Plaintiff's Reply Brief in Support of His Motion to Remand ("Pl. Reply Mem."), Dkt. 19, at 4. Under the express terms of Section 2679(d)(2) and the Supreme Court's decision in *Osborn*, however, it is.

It is true, as Amador notes, that the AG's certification "is subject to *de novo* judicial review, and the district court may strike such certification to the extent it finds that the defendant employee was not in fact acting within the scope of her employment." *Bowles v. United States*, 685 F. App'x 21, 23 (2d Cir. 2017). *See* Pl. Mem. at 4; Pl. Reply Mem. at 3. This judicial review, however, does not bear on whether the case should remain in federal court; it goes only to whether the United States should be substituted as a party for the individual defendant. *See Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 432 (1995) ("Congress made the Attorney General's certificate conclusive solely for purposes of removal, and notably not for purposes of substitution."). Accordingly, the AG's certification does not foreclose Amador from later arguing that, at the time of the incident in question, Ramos was not a

4

federal officer or was not acting in the scope of her employment. At that point, the court may "determine for itself whether the individual defendant is covered by the statute and, if so, whether the actions of which that defendant is accused or committed were within the scope of the defendant's federal employment." *Carroll v. Trump*, No. 20-CV-7311 (LAK), 2020 WL 6277814, at *4 (S.D.N.Y. Oct. 27, 2020).[1] As the Supreme Court repeatedly emphasized in *Osborn*, however, "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." *Osborn*, 549 U.S. at 227. Accordingly, in light of the AG's certification, this Court must deny Amador's motion to remand.

## II.     Plaintiff's Other Arguments Lack Merit

Amador raises several additional arguments in support of his motion to remand, all of which similarly fail.

First, Amador argues that Ramos's notice of removal is untimely. *See* Pl. Mem. at 5–6. It is true that 28 U.S.C. § 1446(b) requires that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant." Here, the suit was filed in August 2019 and was not removed until February 2020. The Westfall Act, however, allows for removal "at any time before trial." 28 U.S.C. § 2679(d)(2). Removal under Section 2679 was thus timely. *See Delgado v. Our Lady of Mercy Med. Ctr.*, No. 06-CV-5261 (BSJ), 2007 WL 2994446, at *5 (S.D.N.Y. Oct. 12, 2007) (finding that, when an action is removed to federal court under Section 2679(d)(2), "Section 1446(b) of Title 28 is not applicable . . . and does not . . . control the timing and conditions of removal.").

---

[1] Contrary to Amador's assertions, the mere fact that Ramos is an employee of the New York City Police Department and acted under color of state law does not mean that she could not have also acted in the scope of federal employment. For purposes of the Federal Tort Claims Act, "a State or local government employee on detail to a Federal agency . . . is deemed an employee of the agency" during the period of assignment. 5 U.S.C. § 3374(c)(2). *See also Guzman v. United States*, No. 11-CV-5834 (JPO), 2013 WL 543343, at *10 (S.D.N.Y. Feb. 14, 2013) (noting the possibility that NYPD officers deputized to the federal DEA could simultaneously be considered both federal and city employees).

Next, Amador asserts that because several defendants in this case have not consented to removal, the "rule of unanimity," codified in 28 U.S.C. § 1446(b)(2)(A), has been violated. *See* Pl. Mem. at 6–7. This rule is likewise inapplicable here; it applies only to cases "removed solely under section 1441(a)." 28 U.S.C. § 1446(b)(2)(A). As discussed above, this case was removed to federal court under, *inter alia*, 28 U.S.C. § 2679. Because "the government does not need the consent of the other defendants to effectuate removal under . . . 28 U.S.C. § 2679(d)(2)," *Jacobs v. Castillo*, 612 F. Supp. 2d 369, 375 (S.D.N.Y. 2009), the rule of unanimity does not furnish a basis to remand this action.

Finally, Amador presents several arguments to the effect that removal of this action would "thwart[] the fair administration of justice." Pl. Mem. at 5. He argues that the Government is "attempt[ing] to circumvent the United States Code and FRCP," as its "appearance in this action is solely for the purpose of removing this action" to federal court. *Id*. at 7. He additionally asserts that removal is meant to obviate Ramos's default in state court, *id*. at 3, 5, a point that the Government disputes as factually inaccurate, *see* Def. Mem. at 15. As noted above, however, removal of this action is mandated by the plain terms of the Westfall Act, *see Osborn*, 549 U.S. at 243, and Amador has not provided any basis in law that would allow for a remand. Amador further argues that remand is warranted because "the parties have engaged in significant and substantial discovery" in state court, Pl. Mem. at 8, a point the Government also disputes, *see* Def. Mem. at 16. In any event, because 28 U.S.C. § 2679(d)(2) permits removal "at any time before trial," the amount of discovery exchanged to date is irrelevant. *See Adams by Rosado v. Pilarte*, No. 18-CV-2517 (KBF), 2018 WL 2323229, at *3 (S.D.N.Y. May 22, 2018) (denying plaintiff's motion to remand despite the fact that the case had progressed in state court all the way through the summary judgment stage before removal).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 15. Within two weeks of the date of this order, the parties are directed to file a joint letter informing the Court as to the parties' positions on the next steps in this litigation.

SO ORDERED.

Dated:   December 9, 2020
        New York, New York

_____
RONNIE ABRAMS
United States District Judge