UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS AMADOR,

                Plaintiff,

      v.

THE CITY OF NEW YORK, ET AL.,

                Defendants.

20-CV-956 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Plaintiff Luis Amador ("Amador") moves to remand this action, which now consists solely of a single claim for malicious prosecution under New York law against the City of New York ("the City"), to the state court in which it originated. *See* Dkt. 32. The City opposes the motion and cross-moves for summary judgment on the remaining claim. *See* Dkt. 35. For the following reasons, the action will be remanded to state court, where the City's arguments in favor of dismissal may be addressed in the first instance.

## BACKGROUND

The Court assumes the parties' familiarity with the background of this case, as documented in the Court's prior opinion. *See* Dkt. 24; *Amador v. City of New York*, No. 20-CV-956 (RA), 2020 WL 7248458 (S.D.N.Y. Dec. 9, 2020). Some additional procedural context is necessary.

This lawsuit began in Supreme Court, Bronx County in August 2019, when Amador sued the City, the New York City Police Department (NYPD), Detective Cruz M. Ramos, and several John Doe officers, alleging that the defendants violated federal and state civil rights laws when they arrested, imprisoned, and prosecuted him. The United States Attorney's Office for the

Southern District of New York subsequently determined that "Plaintiff's claims against Detective Ramos arose during the course of a narcotics operation Detective Ramos undertook in her capacity as a deputized Task Force Officer with the [United States] Drug Enforcement Administration ('DEA')." *See* Notice of Removal, Dkt. 1, at 2. Ramos accordingly removed the action to federal court on the basis of the Westfall Act, 28 U.S.C. § 2679, which provides that state court tort actions against federal officials shall be removed to federal court upon the certification of the Attorney General that the defendant was acting in the scope of federal employment at the time of the incident giving rise to the claim. Along with the notice of removal, the United States Attorney filed such a certification. Dkt. 1-2 at 1. Plaintiff subsequently moved to remand the action to state court, which the Court denied in December 2020. *See* Dkt. 24.

Following the Court's denial of the first motion to remand, Plaintiff voluntarily dismissed all defendants from this action with the exception of the City of New York for the purpose of pursuing his state law malicious prosecution claim. *See* Dkt. 31. He subsequently filed a new federal lawsuit in the Southern District of New York against the United States of America, the Drug Enforcement Administration, and DEA Agent Marlow Luna pursuant to the Federal Torts Claims Act and *Bivens v. Six Unknown Named Agents*, based on the same events giving rise to the original complaint. *See Amador v. United States of America, et al.*, No. 20-cv-10492 (PKC). That case is proceeding before the Honorable P. Kevin Castel.

The parties have now filed cross-motions: Plaintiff seeks again to remand this case to state court, arguing that, in light of the dismissal of Detective Ramos and all federal causes of action, there are no remaining federal claims or federal-officer defendants before this Court to support the exercise of supplemental jurisdiction over his state law claim against the City. The

City opposes that motion, arguing that Plaintiff is engaged in manipulative forum shopping aimed at "manufactur[ing] a pathway into his preferred forum of Bronx County Supreme Court while simultaneously maintaining FTCA/Bivens claims" in federal court. Dkt. 43. The City argues that the exercise of supplemental jurisdiction is appropriate, seeing as the claims in this action and the one now before Judge Castel derive from a common nucleus of operative fact. The City further seeks summary judgment on the remaining claim against it on the grounds that the City cannot be subject to vicarious liability for the actions of NYPD officers deputized into federal service who were acting within the scope of their federal employment. Plaintiff opposes the City's summary judgment motion, conceding that Detective Ramos was a federal officer but contending that other, non-deputized City employees were involved in his arrest and prosecution such that he can properly seek to hold the City vicariously liable for malicious prosecution.

## DISCUSSION

Pursuant to 28 U.S.C. § 1367(c)(3), "a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006). Although declining to exercise supplemental jurisdiction in such a case is not "absolutely mandatory," *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998), in "the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988); *see also Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) (citation omitted) ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination" of supplemental jurisdiction.). Indeed, in some cases,

particularly "where the federal claims ha[ve] been dismissed at a relatively early stage and the remaining claims involve[ ] issues of state law that [are] unsettled," the Second Circuit has "concluded that the exercise of supplemental or pendent jurisdiction [is] an abuse of discretion." *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003). *See, e.g., id*. at 308 (district court abused its discretion in exercising supplemental jurisdiction over "novel and complex issues of state law" following plaintiffs' abandonment of all federal claims); *Seabrook v. Jacobson*, 153 F.3d 70, 72 (2d Cir. 1998) (district court abused its discretion by exercising supplemental jurisdiction over state law claims that bore on "the state's interest in the administration of its government" after plaintiff had voluntarily dismissed all federal claims). In cases where a district court may "relinquish jurisdiction over a removed case involving pendent claims, the court has discretion to remand the case to state court." *Cohill*, 484 U.S. at 351; *Valencia*, 316 F.3d at 301.

Here, all federal claims and federal defendants have been dismissed from the action. The remaining state-law question, while not particularly novel or complex, does bear on the administration of state and municipal government. Despite several procedural twists and turns, the action is still in the early stages of litigation, with no discovery having been taken during the case's sojourn in federal court and the Court having made no substantive findings with respect to the merits of Plaintiff's claims. Although Section 1367 is plainly discretionary—it provides that the Court "*may*" decline to exercise supplemental jurisdiction where no claims giving rise to original jurisdiction remain[1]—the Supreme Court and the Second Circuit have repeatedly instructed that in the ordinary case where only state law claims remain, a district court should

---

[1] *See also Seabrook v. Jacobson*, 153 F.3d 70, 73 (2d Cir. 1998) ("[A] district court has broad discretion to decide whether to exercise supplemental jurisdiction over state law claims.").

decline to exercise supplemental jurisdiction over that case. *Cohill*, 484 U.S. 343, 350 n. 7; *Marcus*, 138 F.3d at 57.

In resisting that conclusion, the City contends that the Court should exercise supplemental jurisdiction over Plaintiff's state law claim (and dismiss it) because it derives from the same nucleus of operative fact as plaintiff's federal claims. The City is correct that Plaintiff's state and federal claims "unquestionably derive from a common nucleus of operative fact." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004). Needless to say, however, what makes this case different from the typical case in which a federal court finds that federal and state claims derive from the same nucleus of operative fact, and therefore exercises pendant jurisdiction over the state claims, is that the federal claims are no longer pending before this individual court. They are proceeding separately before Judge Castel. Contrary to what the City argues, then, it would not meaningfully "serve the interests of judicial economy," Dkt. 43 at 6, for Plaintiff's state-law claim to remain in federal court. Either way, Plaintiff's state and federal claims have been bifurcated into two lawsuits. Indeed, the City has cited no case in which a federal judge exercised supplemental jurisdiction over a state law claim on the basis that the claim derives from the same nucleus of operative fact as a federal lawsuit proceeding before a different federal judge.

The City's stronger argument is that Plaintiff is disingenuously "forum shopping by trying to pursue two identical actions in two different forums." Dkt. 43 at 6. The City points to the Supreme Court's observation, in *Cohill*, that "a district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case," and that "[i]f the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent

jurisdiction doctrine support a remand in the case." *Cohill*, 484 U.S. at 357. The City is of course correct that Plaintiff is making every effort to litigate in his preferred forum. While "tak[ing] this behavior into account.," *id*., however, the Court is not persuaded that these tactics alone compel the exercise of supplemental jurisdiction where it should otherwise be declined in the interests of "judicial economy, convenience, fairness, and comity." *Id*. at 350 n.7. Although under Second Circuit precedent "it [would] not necessarily [be] an abuse of discretion for [the Court] to continue to exercise jurisdiction" over Plaintiff's claim, *Rounseville v. Zahl*, 13 F.3d 625, 631 (2d Cir. 1994), the Court finds that a remand would still be the most appropriate course of action in light of the facts that no federal claims or defendants remain in the action, the case has barely progressed since being removed to federal court, and the remaining state law claim implicates the administration of state and municipal government.

## CONCLUSION

For the foregoing reasons, the Court declines to exercise supplemental jurisdiction over the remaining state law claim, and Plaintiff's motion to remand to Supreme Court, Bronx County is granted. The Court expresses no view on the merits of the City's motion for summary judgment or the viability of Plaintiff's malicious prosecution claim under New York law, which can be addressed in the first instance in state court. The Clerk of Court is respectfully directed to (1) terminate the motions pending at Dkts. 32 and 35; (2) to remand the action to New York State Supreme Court; and (3) to close this case.

SO ORDERED.

Dated: July 6, 2021
      New York, New York

RONNIE ABRAMS
United States District Judge